**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Luis Ponce*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS PONCE, an individual, and ON BEHALF OF OTHERS SIMLARLY SITUATED; <br><br> Plaintiffs, <br><br> v. <br><br> BUNGA BUNGA LLC a domestic limited-liability company; <br><br> Defendant. | CASE NO: <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, LUIS PONCE (hereinafter "Plaintiff" or "MR. PONCE"), individually and on behalf of all others similarly situated, by his attorney ANDRE M. LAGOMARSINO, ESQ., of LAGOMARSINO LAW, upon personal knowledge as to himself and upon information and belief as to other matters, hereby alleges and states as follows:

**NATURE OF ACTION**

1. This is a collective action and is brought pursuant to Section 216 (b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, for the recovery of unpaid wages, liquidated damages, and costs, including reasonable attorney's fees on behalf of all persons employed by Defendant BUNGA BUNGA, LLC in all tipped positions, such as tipped employees, bartenders, and bussers throughout the statutory period herein.

. . .

2. Defendant BUNGA BUNGA, LLC willfully and intentionally violated the FLSA by requiring tipped employees to participate in an invalid tip pool in violation of 29 C.F.R. 531.54 and NRS 608.160. Defendant is also in willful violation of 29 CFR § 531.35 which forbids "kickbacks" of wages.

3. The tip pool was improper because, but not limited to, (i) the pool was in violation of Nevada Revised Statute 608.160; (ii) the tip pool included managers, who are defined as employers; and (iii) that tipped employees were forced to pay a percentage of their gross sales to Defendant, even when a patron did not leave a tip; (iv) that a percentage of the tipped employee's wages would be deducted for certain services (such as a 'Sommelier 4% tip out') even when such services were not used at the event; (v) tipped employees were required to always tip out to Defendant BUNGA BUNGA LLC at least 1% of their total gross sales as tipped employees; (vi) the pool was in violation of the Fair Labor Standard Act's prohibition on certain tip pooling.

4. The actions of the Defendant violated 29 C.F.R 531.52 by receiving a portion of the tips earned by tipped employees. Tips are the property of the employee who received the tip.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

6. In addition, this Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. 203 *et seq.* hereinafter referred to as the FLSA.

7. Venue is proper pursuant to 28 U.S.C. 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred within this District inasmuch as Plaintiff resides and worked, as here relevant, within this District. The Court has personal jurisdiction over the Defendant, a domestic limited liability corporation.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202.

. . .

## THE PARTIES

*Plaintiff*

9. During all relevant times herein, PLAINTIFF was employed by Defendant BUNGA BUNGA LLC including, specifically, throughout the period from August 2012 to November 2018 as a server at Defendant's restaurant "The Barrymore", located at 99 Convention Center Dr., Las Vegas, Nevada, 89109.

10. Plaintiff was, and as of the time of this filing, remains a resident of Las Vegas, Nevada.

11. Plaintiff was an employee of Defendant within the meaning of the FLSA and the applicable statutes of NRS.

*Defendant*

12. Defendant BUNGA BUNGA LLC is a Nevada limited liability company, organized and existing under the laws of Nevada, with its corporate headquarters at 395 E. Sunset Road, Las Vegas, Clark County, Nevada, 89119.

13. Defendant BUNGA BUNGA LLC operates restaurants in the Las Vegas, Nevada area, including "The Barrymore", located at 99 Convention Center Dr., Las Vegas, Nevada, 89109.

14. Upon information and belief, Defendant BUNGA BUNGA LLC has an annual gross volume of sales in excess of Five Hundred Thousand Dollars ($500,000).

15. The Defendant does business under the trade name or mark of "The Barrymore".

16. The Defendant employed Plaintiff, or acted in the interest of an employer towards Plaintiff and other similarly situated current and former tipped employees and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former tipped employees.

17. The Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former tipped employees, including, without limitation, those

terms and conditions relating to the claims alleged herein.

18. Defendant BUNGA BUNGA LLC employed Plaintiff and other similarly situated current and former tipped employees.

19. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA and the relevant provisions of the Nevada Revised Statutes.

20. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA.

21. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA.

22. At all times relevant herein, Plaintiff and all similarly situated tipped employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. 206-207.

23. Defendant BUNGA BUNGA LLC issued paychecks to the Plaintiff and all similarly situated tipped employees during their employment.

24. Defendant directed the work of Plaintiff and all similarly situated tipped employees, and Defendant benefited from work performed by Plaintiff and all similarly situated servers.

25. Plaintiff and similarly situated employees were required by the FLSA and the NRS.

26. Managers for Defendant BUNGA BUNGA LLC, managing "The Barrymore", are employers within the meaning of the FLSA and the NRS as they are vested with authority from Defendant to (1) hire and terminate employees; (2) supervise and control the employee work schedule and conditions of employment; (3) determine both the rate and method of employment; and; (4) maintain the employment records.

27. Pursuant to Defendant's policy and pattern or practice, Defendant BUNGA BUNGA LLC, willfully required Plaintiff and other similarly situated employees to participate in an improper tip pool, giving a percentage of their earned tips to the Defendant, in violation of the FLSA and NRS 168.160.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to 29 U.S.C. 207 and 29 U.S.C. 216(b), Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all non-exempt persons initially defined as follows:

29. All people who are or were formerly employed by Defendant BUNGA BUNGA LLC, as tipped hourly workers, also known as servers, waiters or waitresses, employed by BUNGA BUNGA LLC, and "The Barrymore", and all similarly situated current and former employees holding comparable positions but different titles, at any time from on or about October 11, 2016, to the entry of judgment in this case, hereinafter referred to as "THE CLASS".

30. The Defendant is liable under the FLSA by failing to properly pay wages to Plaintiff and other similar employees.

31. There are many similarly situated current and former Barrymore servers (and other employees holding comparable positions, but different titles) who were improperly forced to contribute to an unlawful tip pool in violation of the FLSA. Those servers who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. 216(b).

32. The claims of the Plaintiff stated herein is essentially the same as those of THE CLASS.

33. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C 216(b).

34. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FEDERAL RULE OF CIVIL PROCEDURE 23

35. Plaintiff also makes this Claim for Relief on behalf of THE CLASS pursuant to the Federal Rules of Civil Procedure Rule 23 (FRCP 23).

36. The persons in THE CLASS identified are so numerous that joinder of all members is impracticable. Although Plaintiff does not know the precise number of such persons, the facts on

which the calculation of that number can be based are presently within the sole control of the Defendant and is ascertainable.

37. Defendant has acted, or has refused to act, on grounds generally applicable to The Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to THE CLASS.

38. All said persons, including Plaintiff, are referred hereinafter as the "THE CLASS." THE CLASS members are readily ascertainable from the records held by Defendant.

39. The number of THE CLASS membership is also ascertainable from the records held by Defendant.

40. The records held by Defendant will be used for the purpose of notifying potential THE CLASS members. Notice will be provided for by the means specified in F.R.C.P. 23.

41. The Court will benefit by using the judicial system in the most efficient manner, saving time and court resources.

42. Upon information and belief, there are more than twenty-five (25) members of THE CLASS.

43. Plaintiff's claims, and the relief Plaintiff seeks, typify the claims which could be alleged by any member of The Class. Because THE CLASS members were subject to the same practices of the Defendant, as alleged herein, for the improper and unlawful retention of tips and the requirement of employees paying a percentage of their tips to the Defendant. Plaintiff and other members of THE CLASS sustained similar losses, injuries, and damages that arose from these unlawful practices, policies, and procedures used by Defendant.

44. Plaintiff is capable of fairly and adequately protecting the interests of THE CLASS.

45. Plaintiff's interests do not conflict with the interests of THE CLASS he seeks to represent and Plaintiff intends to prosecute this action vigorously.

46. The interests of the members of THE CLASS will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

47. Plaintiff has no adverse interest to THE CLASS and is represented by an experienced and competent attorney in both collective action litigation and employment litigation, successfully representing other plaintiffs in similar cases.

48. In the context of the illegal retention of tips a THE CLASS action is superior to other available methods for the fair and efficient adjudication of this case for the following reasons:

49. Action by THE CLASS allows individuals to prosecute a lawsuit against the Defendant where some individual THE CLASS members may have otherwise lacked the financial resources to do so.

50. Action by THE CLASS serves the large number of members to prosecute their common claims in a single forum simultaneously and efficiently.

51. Action by THE CLASS action serves to streamline the judicial process where the losses, injuries, and damages of the individual THE CLASS members are small individually.

52. Action by THE CLASS action would further reduce the risks inherent of inconsistent claims and varying adjudications which ultimately result in hindering THE CLASS members' rights and interests because of other actions that they were not a party to.

53. The issues presented in this action can effectively be decided by means of common THE CLASS-wide proof, streamlining the discovery process and an effective use of both counsel for the Plaintiff and for the Defendant.

54. Common questions of law and fact that are common to all individual THE CLASS members include, but are not limited to, the following:

55. Whether the Plaintiff and THE CLASS were employed by the Defendant within the meaning of the FLSA and NRS.

56. Whether the Defendant improperly held tips in violation of the FLSA and NRS;

57. That policies, practices, and procedures of the Defendant resulted in the managers receiving a portion of the tipped employee's tips;

. . .

58. Whether the Defendant employed a policy of retaining a portion of the Plaintiff's and THE CLASS' tips for supplementing the manager's income;

59. Whether Defendant misappropriated Plaintiff's tips and the tips of THE CLASS members by distributing a portion of them to tip ineligible workers at "The Barrymore" in violation of the relevant portions of the FLSA and NRS.

60. Defendant retained a portion of the Plaintiff's tips and the tips of members of THE CLASS, including but not limited to, an amount equal to approximately one percent (1%) of gross sales whether a table tipped the server or not.

61. Defendant and other members of The Class were also required to surrender a portion of their tips to managers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

62. Defendant BUNGA BUNGA LLC is in the business of owning and operating restaurants, including "The Barrymore", located at 99 Convention Center Dr., Las Vegas, Nevada, 89109.

63. "The Barrymore" prepares and serves beverages and food for patrons.

64. "The Barrymore" also provides banquet space to rent for patron events.

65. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA Defendant acted, through its managers to hire, terminate, schedule, employ, and maintain employment records of the Plaintiffs and THE CLASS.

66. Managers for Defendant are vested with the authority to hire and discipline employees.

67. Managers are responsible for scheduling employees' work times. Managers are responsible for determining the rate of pay for the employees, including Plaintiff and THE CLASS.

68. Managers maintained employee records, such as writing reprimands for an employee's personnel file.

69. Plaintiff and members of THE CLASS are tipped employees pursuant to 29 U.S.C. 203(t) as their occupation is one that customarily receives more than thirty (30) dollars in tips each month.

70. Defendant is not entitled to reduce the minimum wage pursuant to 29 U.S.C. 203(m) as it is prohibited in NRS 608.160.

71. Defendant required that the Plaintiffs and members of THE CLASS participate in an invalid tip pool.

72. Defendant required Plaintiff and members of THE CLASS to surrender a portion of their tips to pay for gross food sales a total of at least one percent (1%) of their gross sales when Plaintiff and members of The Class worked as tipped employees.

73. Defendant required Plaintiff and members of The Class to surrender a portion of their tips to pay a portion of their tips to managers during banquet events.

74. Defendant by and through its employees knowingly allowed for the managers to participate in the improper tip pool, in violation of 29U.S.C. 203(m) and NRS 608.160.

75. Defendant improperly retained tips from Plaintiff and members of THE CLASS through conversion and misappropriation of THE CLASS' funds by taking a percentage of their tipped wages and distributing them amongst managers and other service workers.

76. Defendant did not give notice of the tip pool to Plaintiff and members of THE CLASS.

77. Defendant required that the Plaintiff and members of THE CLASS pay a portion of their tips to Managers. Plaintiff and members of THE CLASS were also required to surrender tips in the amount of at least one percent (1%) of their total gross receipts to Mangers of "The Barrymore" to distribute to other employees. That percentage was based on gross receipts and did not reflect whether Plaintiff and THE CLASS had been tipped or not.

78. Defendant BUNGA BUNGA, LLC knowingly allowed for Managers to receive money from the tip pool in violation of NRS 608.160.

79. DEFENDANT assigned the work that Plaintiff and THE CLASS performed, and/or DEFENDANT are aware of all the work that Plaintiff and THE CLASS performed.

. . .

80. All members of THE CLASS performed the same primary job duties as the Plaintiff, including but not limited to:

81. Customer service;

82. Collecting and processing money from customers;

83. Taking food and drink orders;

84. Putting food and drink orders into the kitchen;

85. Delivery of food and drink to the patrons.

86. Pursuant to a company-wide policy, pattern, and practice, DEFENDANT unlawfully retained portions of the tips received by Plaintiffs and THE CLASS (via tips to the managers) in violation of the F.L.S.A., 29 U.S.C. 203(m) and NRS 608.160 to supplement the income of the Managers.

87. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights and the rights of other members of THE CLASS.

## FIRST CAUSE OF ACTION

### VIOLATION OF FAIR LABOR STANDARDS ACT

*(Illegal Retention of Tips by Employer Defendant - Brought on Behalf of Plaintiff and THE CLASS*

88. Plaintiff, on behalf of himself and all other similarly situated persons identified herein as The Class, re-allege and incorporate paragraphs 1-87 of this Complaint as if they are fully set forth herein.

89. At all relevant times herein, Defendant BUNGA BUNGA LLC were and continue to be an employer engaged in interstate commerce within the meaning of F.L.S.A. 29 U.S.C. § 203.

90. Defendant BUNGA BUNGA LLC employed employees as defined in the FLSA, including but not limited to the Plaintiffs and the members of The Class.

91. Defendant BUNGA BUNGA LLC was required to pay the Plaintiffs and members of The Class directly for the hours that those employees worked.

92. Plaintiffs and members of The Class are tipped employees within the meaning of 29 U.S.C. § 203 (t).

93. The Managers for Defendant BUNGA BUNGA LLC are employers pursuant to 29 U.S.C § 203 and are precluded under the 29 U.S.C. § 203 and NRS 608.160 from participating in any tip pool.

94. Defendant BUNGA BUNGA LLC violated 29 U.S.C. § 203(m)(2)(B) by requiring Plaintiff and members of The Class to pay a portion of their tips to their employer.

95. Defendant BUNGA BUNGA LLC required Plaintiff and other members of The Class to pay one percent (1%) of their total gross food receipts to other Managers and other employees of "The Barrymore" at the end of each shift. That money would then be redistributed amongst other "The Barrymore" employees, including Managers. Furthermore, Defendant BUNGA BUNGA LLC, through its policies, practices, and procedures, was responsible for taking money from the tipped employees and having them contribute to other services that were not always used during their shift.

96. Plaintiff, on behalf of himself and the members of THE CLASS, seeks damages in that amount of their respective unpaid compensation provided by the F.L.S.A. for minimum wage violations, taking of tips, attorneys' fees and costs of the action, and such other legal and equitable relief.

97. Defendant's actions were willful, malicious, and recklessly disregarded the rights of the Plaintiff and other members of THE CLASS. Plaintiff and the CLASS are entitled to an award of liquidated damages under the FLSA as a result.

## SECOND CAUSE OF ACTION

### VIOLATION OF NRS 608.160

98. Plaintiff, on behalf of himself and all other similarly situated persons identified herein as The Class, re-allege and incorporate paragraphs 1-97 of this Complaint as if they are fully set forth herein.

99. By its actions as described herein, Defendant violated NRS 608.160(1)(a) by taking part of Plaintiff's tips, as well those tips of the CLASS.

100. Plaintiff was damaged in an amount in excess of $15,000.

101. Defendant's actions were willful, malicious, and recklessly disregarded the rights of the Plaintiff and other members of THE CLASS. As a result, Plaintiff and the CLASS are entitled to

punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LUIS PONCE, on behalf of himself and all other similarly situated persons, prays for the following relief:

a. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are presently or have been employed by Defendant as a tipped employee or a person holding a comparable position but with a different title, from any time from October 11, 2016 through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform THE CLASS that this civil action has been filed, of the nature of the action and of their right to join this lawsuit;

b. Equitable tolling of the FLSA statute of limitations as a result of the Defendant' willful failure to pay minimum wage to employees and for the taking of tips to ensure proper compensation pursuant to 29 U.S.C § 216;

c. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations and NRS Chapter 608, the supporting Nevada Dept. of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance, and other required employment taxes;

d. Penalties under NRS Chapter 608 for the Defendant' failure to comply with the notice and record keeping requirements of the Chapter;

e. Certification of this case as a THE CLASS action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

f. Designation of the Plaintiff as representative for THE CLASS, and counsel of record as Counsel;

g. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NRS and the supporting Nevada Dept. of Labor Regulations;

h.   An award of damages to Plaintiff and members of The Class;

i.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j.   An award of prejudgment and post-judgment interest;

k.   An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

l.   Such other and further relief as this Court deems just and proper.

Dated this 18th day of November, 2019.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Luis Ponce*

### DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff LUIS PONCE, demands a trial by jury on all questions of fact raised by the Complaint.

Dated this 18th day of November, 2019.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Luis Ponce*